**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 92-1076
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JERROLD MORRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

(September 24, 1992)

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Appellant Morris was charged with drug offenses arising out of two separate transactions on different days. The jury acquitted him of the charges stemming from the first transaction, but convicted him of those stemming from the second. He appeals contending that, since his sole defense was entrapment, his acquittal on charges from the first event precluded his conviction on charges from the second because, to acquit as to the first, the jury must have found no predisposition, and predisposition must be measured at a time before any government involvement. In the alternative, he contends that the government's evidence of predisposition was insufficient. We disagree with both contentions and affirm.

His first argument has been squarely rejected by both the Second and Ninth Circuits. U.S. v. North, 746 F.2d 627, 630 (9th Cir.), cert. denied, 470 U.S. 1058 (1985); U.S. v. Smith, 802 F.2d 1119, 1125 (9th Cir. 1986); U.S. v. Khubani, 791 F.2d 260, 264 (2d. Cir), cert denied, 479 U.S. 851 (1986). We agree with those results and find those cases consistent with U.S. v. Wells, 506 F.2d 924 (5th Cir. 1975). In Wells we rejected the contention that the jury should have been instructed that it could find that the several drug sales were a "course of conduct" induced by government activity. Id. at 926-927. We held that the district court correctly instructed the jury that it should consider each count separately, allowing it to consider whether Defendant was guilty of any or all of the offenses charged. Id. at 926.

We further note that even if the verdicts be considered inconsistent that is not ground for reversal. U.S. v. Pena, 949 F.2d 751, 755 (5th Cir. 1991).

Where the jury has rejected an entrapment defense, the standard of review is whether, when viewing the evidence in the light most favorable to the Government, a reasonable jury could find, beyond a reasonable doubt, that the defendant was predisposed to commit the offense. U.S. v. Arditti, 955 F.2d 331, 343 (5th Cir. 1992). Here the version of events differs between the testimony of the Government agent and Appellant. The jury was entitled to credit the agent's testimony rather than that of the Appellant. The agent's testimony was more than sufficient to carry the Government's burden.

2

AFFIRMED.