IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 91-2803
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS HUDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(January 21, 1993)

Before KING, JOHNSON, and DUHÉ, Circuit Judges.

JOHNSON, Circuit Judge:

Thomas Hudson was arrested on January 4, 1990 after Wayne
Patterson, his partner in a counterfeiting scheme, turned out to
be Winston Padgett, an officer with the Texas Department of
Public Safety.  Hudson was charged with one count of
counterfeiting, one count of attempting to sell counterfeit
currency, and one count of delivering counterfeit currency.  At
trial, Hudson's only defense was that he had been entrapped.  The
jury rejected this defense and Hudson was convicted on all
counts.  Hudson now appeals, arguing that (1) the government
failed to present sufficient evidence of Hudson's predisposition
to commit the offenses; (2) the district court erred in failing

to give Hudson's proposed jury instruction on entrapment; and (3) the district court erred in refusing to instruct the jury on the defense of outrageous government conduct.  Finding no error, this Court affirms the judgment of the district court.

*Predisposition*

Hudson's entire defense was based upon the theory of entrapment.  The Supreme Court has long recognized that the government may not "play[] on the weaknesses of an innocent party and beguile[] him into committing crimes which he otherwise would not have attempted."  *Sherman v. United States*, 356 U.S. 369, 376 (1958).

The first step in a successful entrapment defense is to make a prima facie showing that "government conduct 'created a substantial risk that an offense would be committed by a person other than one ready to commit it.' "  *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 197 (5th Cir.), *cert. denied*, 112 S.Ct. 2952 (1992) (quoting *United States v. Kang*, 934 F.2d 621, 624 (5th Cir. 1991); *United States v. Johnson*, 872 F.2d 612, 620 (5th Cir. 1989).  Once a defendant clears this hurdle, he is entitled to a jury instruction on the issue. *United States v. Menesses*, 962 F.2d 420 (5th Cir. 1992).  Hudson made such a prima facie showing at trial, and the district court did instruct the jury on the issue of entrapment.  After the defendant satisfies this threshold requirement, the burden shifts to the government to "prove beyond reasonable doubt that the defendant was disposed to

2

commit the criminal act prior to first being approached by Government agents." *Jacobson v. United States*, 112 S.Ct. 1535, 1540 (1992). Once the jury has been instructed on entrapment but has rejected the defense, the standard of review before this Court is "whether, when viewing the evidence in the light most favorable to the Government, a reasonable jury could find, beyond a reasonable doubt, that the defendant was predisposed to commit the offense." *United States v. Morris*, 974 F.2d 587, 588 (5th Cir. 1992); *see United States v. Arditti*, 955 F.2d 331, 343 (5th Cir. 1992).

It is well established that a defendant's enthusiasm for the crime can satisfy the predisposition requirement. *Arditti*, 955 F.2d at 343. The testimony of Officer Padgett was sufficient to justify a jury finding that Hudson was an enthusiastic participant in the counterfeiting scheme. Although the version of events presented by Hudson differed sharply from the version presented by government agents, the jury was entitled to credit the testimony of Padgett rather than Hudson. When viewing the evidence in the light most favorable to the government, this Court cannot say that no reasonable jury could find that Hudson was predisposed to commit the offense.

*The Jury Charge on Entrapment*

Next, Hudson challenges the district court's jury instructions on the issue of entrapment. A trial judge has "substantial latitude in tailoring his instructions as long as

3

they fairly and adequately cover the issues presented by the case." *United States v. Kimmel*, 777 F.2d 290, 293 (5th Cir. 1985), *cert. denied*, 476 U.S. 1104 (1986) (quoting *United States v. Pool*, 660 F.2d 547, 548 (5th Cir. 1981)).  A trial judge's refusal to deliver a requested instruction is reversible error only if three conditions exist:

    (1)  the instruction is substantially correct:

    (2)  it is not substantially covered in the charge actually given to the jury; and

    (3)  it concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present a given defense effectively.

*United States v. Grissom*, 645 F.2d 461, 464 (5th Cir. 1981). This Court will reverse only if the defendant was improperly denied the chance to convey his case to the jury.  *United States v. Hunt*, 794 F.2d 1095, 1097 (5th Cir. 1986).

Hudson appears to object both to the district court's rejection of his proposed instruction and to the content of the charge actually given.  To the extent that Hudson argues that it was error for the district court to reject the exact wording of Hudson's proposed jury charge, his argument is utterly without merit.  In reviewing a jury charge this Court must "test the instructions not against [the defendant]'s recommended instructions--for [the defendant] lacks the right to have his recommendations adopted word for word--but against the law." *Kimmel*, 777 F.2d at 292-93.

Hudson also argues that the charge actually given by the district court did not adequately stress that the government must

4

prove predisposition beyond a reasonable doubt. The charge, however, expressly stated that "the Government must prove beyond a reasonable doubt that the Defendant was not entrapped." Hudson does not point to any incorrect statement in the charge, nor does he explain how the charge impaired his ability to present his entrapment defense effectively. We find no reversible error in the district court's jury charge on the issue of entrapment.

*Outrageous Government Conduct*

Finally, Hudson argues that the district court erred in refusing to instruct the jury on the defense of outrageous government conduct. In a nutshell, the outrageous conduct defense is available when the conduct of government agents is so outrageous that due process principles bar the government from invoking the judicial process to obtain a conviction. *See United States v. Russell*, 411 U.S. 423, 431-32 (1973); *United States v. Stanley*, 765 F.2d 1224, 1232 (5th Cir. 1985). Under the law of this Circuit, however, a claim of outrageous conduct presents a question of law, not a question of fact. *Id*. at 1232. Since the decision was properly one for the court, not the jury, it could not have been error to refuse the requested jury charge.

## Conclusion

For the reasons stated, we hold that the government presented sufficient evidence to show that Hudson was predisposed to commit the offenses charged. We also find no error in the

5

district court's jury charge on the issue of entrapment. Finally, it was not error for the district court to refuse to charge the jury on the defense of outrageous government conduct. Accordingly, the judgment of the district court is affirmed.