# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 95-30134
## Summary Calendar

_____

### UNITED STATES OF AMERICA,

Plaintiff-Appellee,

### versus

### RAY JOHNSON,

Defendant-Appellant.

_____

## Appeal from the United States District Court
## for the Middle District of Louisiana
## (94-CR-32-A-M2)

_____

November 28, 1995

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Johnson, serving a term of 97 months imprisonment and other penalties for conspiracy to possess with intent to distribute and to distribute cocaine and unlawful use of a communications facility, appeals his conviction and sentence on several grounds. Finding none persuasive, we affirm.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1.  Johnson asserts that the district court erred in denying his motion to suppress evidence, because there was no basis to conduct a warrantless search of the house where the cocaine was found.  The court held, however, that under the doctrine of inevitable discovery, the search was justified.  United States v. Wilson, 36 F.3d 1298, 1304 (5th Cir. 1994).  Johnson does not challenge this conclusion, so this issue is deemed abandoned.  Evans v. City of Marlin, Texas, 986 F.2d 104, 106 n.1 (5th Cir. 1993).  In any event, the district court's conclusion of inevitable discovery was supported by the record.

2.  Johnson argues that the jury should have been instructed on the defense of entrapment.  The testimony did not make "a prima facie showing that government conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it."  United States v. Hudson, 982 F.2d 160, 162 (5th Cir.), cert. denied, 114 S. Ct. 100 (1993) (internal quotation and citation omitted).  Johnson voluntarily accepted the U.P.S. package and admitted that he hid only the two baby powder cans containing cocaine after he discovered the government's transmitter.

3.  Johnson challenges the prosecutor's use of the slang term "key" for a kilo of cocaine in his closing arguments.  Under the total circumstances, this comment did not constitute misconduct warranting a new trial.  The court did not abuse his discretion in failing to grant a new trial.

4.    To the extent we understand Johnson's argument concerning the constitutionality of the statute prohibiting the distribution of controlled substances, it is meritless.  He does not argue that his conduct could not have been described as illegal possession with intent to distribute cocaine; he contends only that the law does not distinguish his conduct from that of DEA agents, lab workers, and the UPS delivery man who were also involved in the case.  This is nonsense.  The law sufficiently defines the <u>criminal</u> conduct that it prohibits.  To the extent that Johnson argues selective prosecution, this must fail, because there is no similarity between him and the law enforcement officers and helpers who engaged in the controlled delivery here.

5.    Johnson finally asserts that he did not obstruct justice within the meaning of the sentencing guidelines when he testified falsely at trial.  Although it is true that not every misstatement by a defendant will supply grounds for an obstruction of justice sentence enhancement, the district court here found that Johnson's false testimony could have misled the jury as to whether he had guilty knowledge of the package's contents.  This finding, which supports an obstruction of justice enhancement, is not clearly erroneous.

The judgement and sentence are **AFFIRMED**.