IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30833
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN LUTCHER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 95-CA-423
- - - - - - - - - -
May 17, 1996

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Melvin Lutcher moves for leave to appeal *in forma pauperis* (IFP) the denial of his 28 U.S.C. § 2255 motion, arguing that counsel was ineffective for failing to object to the district court's instructions regarding the burden of proof in a criminal case and the use of extrinsic evidence, for failing to obtain a laboratory report from the Government, and for failing to move

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for a judgment of acquittal based on entrapment or raise entrapment as an issue on appeal; that the Government violated the Fourth Amendment by not testing the cocaine at issue in his case; that the Government engaged in outrageous conduct by using government-owned cocaine to entrap Lutcher; that the district court erred by failing to depart downward from his guideline sentencing range; and that the Government manipulated the amount of cocaine involved in his offense for sentencing purposes.

Lutcher raises his contentions of ineffective assistance regarding the alleged failure of counsel to object to the district court's instructions for the first time on appeal. This court determined the merits of Lutcher's contentions against the instructions themselves on direct appeal; Lutcher may not relitigate those issues. *United States v. Santiago*, 993 F.2d 504, 506 & n.4 (5th Cir. 1993). Because this court has determined the merits of Lutcher's instruction contentions, Lutcher cannot demonstrate prejudice from counsel's alleged deficiencies, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984); he cannot show plain error. *Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1032 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 903 (1995).

Lutcher can show no plain error regarding his Fourth Amendment contention, which he raises for the first time on appeal. The Fourth Amendment is designed to prohibit unreasonable searches and seizures, *see United States v.*

*Martinez-Fuerte*, 428 U.S. 543, 554 (1976); whether the Government tested the cocaine after the seizure is unrelated to the seizure itself.

Lutcher presents no legal basis for this court to find plain error regarding counsel's alleged failure to obtain a laboratory report regarding the purity of cocaine.  Drug purity is not an element of possession with intent to distribute, *United States v. Hernandez-Palacios*, 838 F.2d 1346, 1349 (5th Cir. 1988); Lutcher does not indicate how a report reflecting the purity of his cocaine could have benefited the jury.

The evidence at trial was sufficient for the jury to find that Lutcher was predisposed to trade in drugs.  *See United States v. Mora*, 994 F.2d 1129, 1137 (5th Cir.), *cert. denied*, 114 S. Ct. 417 (1993); *United States v. Hudson*, 982 F.2d 160, 162 (5th Cir.), *cert. denied*, 114 S. Ct. 100 (1993).  Lutcher can show no prejudice from counsel's alleged failures to pursue a judgment of acquittal based on entrapment or to raise entrapment on appeal.

Lutcher raises his contention that the Government engaged in outrageous conduct to entrap him is raised for the first time on appeal.  Had Lutcher raised the issue in the district court, it would have been subject to a procedural bar, had the Government wished to invoke the bar.  *See United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).  No plain error results because the

district court did not consider the possibility of outrageous conduct.

"A district court's technical application of the Guidelines does not give rise to a constitutional issue." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Lutcher cannot raise his downward-departure contention for the first time in his § 2255 motion.

Assuming, *arguendo*, that sentencing manipulation is a viable theory, *See United States v. Washington*, 44 F.3d 1271, 1279 (5th Cir.), *cert. denied*, 115 S. Ct. 2011 (1995), the evidence indicates that Lutcher was disposed to deal in large quantities of drugs. Lutcher's sentencing-manipulation contention is unavailing.

Because Lutcher has not raised a nonfrivolous issue for appeal, his motion for leave to proceed IFP is DENIED.

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.